IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TINA K. MULLEN      PLAINTIFF

vs.      CIVIL NO. 05-3021

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION      DEFENDANT

## MEMORANDUM OPINION

Tina Mullen ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on February 14, 2003, alleging an amended onset date of October 1, 2003,[1] due to bilateral carpal tunnel syndrome, insulin dependent diabetes mellitus ("IDDM"), migraine headaches, asthma, digestion problems, arthritis, and manic depression. (Tr. 51, 65, 345, 369-371). An administrative hearing was held on September 28, 2004. (Tr. 355). Plaintiff was present and represented by counsel.

At the time of the administrative hearing on September 28, 2004, plaintiff was twenty-eight years old, and possessed a high school education. (Tr. 51, 71). The record reveals that she has past relevant work experience ("PRW"), as a cashier. (Tr. 12).

---

[1] Plaintiff initially alleged her onset date to be September 1, 2000. (Tr. 51). However, because she had received unemployment benefits, she amended her onset date to October 1, 2003. (Tr. 51).

On August 18, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 19). After discrediting plaintiff's subjective allegations, the ALJ then concluded that she maintained the residual functional capacity ("RFC"), to perform light work, limited by occasional problems with fine manipulation, and an inability to perform activities requiring rapid and/or repetitive movement. (Tr. 18). However, he stated that activities requiring frequent fingering would not be precluded by plaintiff's condition. The ALJ also found that plaintiff's mental impairment resulted in fatigue, which would cause mild difficulties with attention and concentration. As her PRW as a cashier did not require the performance of activities precluded by her RFC, the ALJ determined that plaintiff could return to her PRW. (Tr. 18).

On February 8, 2005, the Appeals Council declined to review this decision. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). The case is now before the undersigned by consent of the parties. Both parties were afforded the opportunity to file appeal briefs, but plaintiff has chosen not to do so. (Doc. # 9).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

AO72A
(Rev. 8/82)

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

3

given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The record indicates that plaintiff had a history of uncontrolled IDDM, arthritis, and bilateral carpal tunnel syndrome. (Tr. 143-175, 185, 335, 332, 338). She was required to give herself daily

4

insulin injections, take oral diabetes medications, and watch her diet. (Tr. 143-175, 185, 338). Further, plaintiff's pain also necessitated the use of oral pain medication. (Tr. 184, 331-332, 335, 339). X-rays of her cervical spine revealed minimal straightening of the spine and a tiny amount of lipping on the anterior surface at the C5 level, as well as minimal disc narrowing at the C4-5 level. (Tr. 218). Then, in February 2004 she was diagnosed with degenerative joint disease ("DJD"). (Tr. 341). While this evidence, standing alone, is not necessarily sufficient to substantiate plaintiff's disability claim, the ALJ should have considered it in combination with plaintiff's other impairments before determining her RFC. *See id.*; *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993). Because it is clear the ALJ did not do so, remand is necessary to allow for a full review.

In addition, the pertinent medical evidence reveals that plaintiff had more limitations resulting from her carpal tunnel syndrome than were considered by the ALJ. On March 11, 2004, plaintiff was seen by Dr. Caleb O. Gaston at Mountain Home Christian Clinic ("MHCC"), for bilateral wrist pain and swelling, with associated cramping and numbness in her middle three fingers. (Tr. 339). Plaintiff had been prescribed wrist splints to wear while at work, and was taking Vioxx. (Tr. 339). A neurological examination revealed that plaintiff had only fair grip strength in her upper extremities with intact sensation. (Tr. 339). As such, Dr. Gaston prescribed alternating doses of Vioxx, and ordered nerve conduction studies. He also advised plaintiff to wear her wrist splints at night, as well as during the daytime hours. (Tr. 339).

On March 17, 2004, plaintiff underwent bilateral nerve conduction velocity studies of the ulnar and median nerves. (Tr. 258). She complained of wrist pain, muscle spasm, and "bruising." The results were consistent with bilateral carpal tunnel syndrome, but there was no evidence of ulnar

5

nerve entrapment. (Tr. 258).

After reviewing the medical evidence and the ALJ's RFC assessment, we find the two to be in conflict. In spite of the medical evidence revealing that plaintiff had only a fair ability to grip items, the ALJ concluded that she had only occasional limitations with regard to fine manipulation. He failed to consider or mention the possibility of any other handling limitations. Further, the ALJ concluded that plaintiff could not perform activities requiring rapid and/or repetitive movements, yet also stated that she could perform activities requiring frequent fingering. It is clear to the undersigned that one's ability to frequently finger would be restricted if that person were unable to perform activities requiring rapid and/or repetitive movements. It is equally clear that the use of wrist splints would interfere with a person's ability to perform some repetitive hand and finger movements. Accordingly, we do not find substantial evidence to support the ALJ's RFC assessment.

While we are cognizant of the fact that plaintiff reported working in a movie gallery from August 2003 until June 2004, we also note that she only worked a "couple" of hours per week. (Tr. 358). Further, plaintiff only worked at this position for one month following her diagnosis of bilateral carpal tunnel syndrome. (Tr. 358). Although we recognize that plaintiff's ability to perform some work does weigh against her claim of disability, given the fact that she was directed to wear wrist splints while performing work-related activities and later directed to wear her wrist splints day and night, we do not find this evidence to support the ALJ's contention that plaintiff is capable of performing activities requiring frequent fingering. There is no evidence to suggest that this position required plaintiff to perform fingering activities. Accordingly, because the ALJ's own RFC assessment concerning the use of plaintiff's hands and fingers is contradictory, is contradicted by the

6

medical evidence of record, and has not been confirmed by plaintiff's RFC, we believe that the case should be remanded to allow the ALJ to reevaluate plaintiff's RFC.

Also of significance is the ALJ's failure to properly consider plaintiff's impairments in combination. As previously mentioned, in evaluating claims for disability, the Commissioner is directed to consider plaintiff's impairments, singularly and in combination, and then determine whether plaintiff's combination of impairments meets or equals an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404, and whether the combination of impairments prevents the claimant from doing her PRW. *See* 20 C.F.R. §404.1520(a)-(g).

We also note that the only RFC assessment contained in the file was prepared by a non-examining, consultative physician, and concluded that plaintiff remained capable of performing medium work. (Tr. 246-256). However, this RFC assessment was prepared on July 16, 2003, prior to the date plaintiff was diagnosed with bilateral carpal tunnel syndrome. (Tr. 246-256). As such, neither the medical records concerning plaintiff's carpal tunnel diagnosis nor the limitations resulting from that diagnosis were before the consultative physician. Therefore, a more recent RFC assessment should be obtained.

Due to the fact that Dr. Gaston's progress notes are the only treating physician records that reveal any information concerning plaintiff's physical limitations, it is also suggested that the ALJ address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time periods in question. The physicians should also be asked to provide the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's

7

ability to perform basic work activities on a sustained basis. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

The undersigned would also like to point out that the ALJ failed to make the requisite findings with regard to plaintiff's past work. When evaluating whether a claimant can return to his past work, the ALJ must specifically set forth the claimant's physical and mental limitations, and determine how those limitations affect the claimant's residual functional capacity. *Ingram v. Chater*, 170 F.3d 598, 604 (8th Cir. 1997). In addition, the ALJ is required to make explicit findings regarding the actual physical and mental demands of the claimant's past work. *Id*.

In the present case, the ALJ did not ask the vocational expert to detail the physical or mental requirements of plaintiff's PRW as a cashier II.[2] (Tr. 391). He also made no specific findings regarding these requirements when determining that plaintiff could return to her PRW. *See id.* As such, on remand, the ALJ is also directed to make these findings, and include them in his opinion.

**<u>Conclusion:</u>**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this <u>24th</u> day of August 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

---

[2] We note that the position of cashier II, as defined in the *Dictionary of Occupational Titles*, requires frequent handling and fingering. DICTIONARY OF OCCUPATIONAL TITLES § 211.462-010 (4th ed. Revised 1991), *at* www.westlaw.com.

AO72A
(Rev. 8/82)